```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NEW YORK CENTRAL MUTUAL FIRE
INSURANCE CO. A/S/O SAM MOCHE,

                        Plaintiff,
                                                    ORDER
         -against-                                  CV 06-3822 (FB)(ARL)

ATRAF MOVING & STORAGE CORP.,

                        Defendant.
-------------------------------------------------------------X
```

**LINDSAY, Magistrate Judge:**

Before the court is the defendant's motion to compel the plaintiff to respond to its interrogatories dated February 7, 2007, and the plaintiff's opposition to that motion. For the reasons set forth below, the motion is granted, in part.

By way of background, the plaintiff commenced this subrogation action in Suffolk County District Court seeking to recover damages in the amount of $11,000. The subrogor claims that he sustained damages when the defendant, a moving and storage company, allegedly lost or failed to deliver his property to Florida. The plaintiff is the subrogor's homeowner's insurance carrier. The defendant removed the action to this court contending that the case is a "suit for damages to goods in interstate commerce," and thus, raises a federal question.

On September 20, 2007, the undersigned held an initial conference and referred the case to arbitration. Shortly thereafter, the defendant served the plaintiff with interrogatories and a request for documents. On January 24, 2004, the plaintiff served the defendant with a response to the requests, but objected to every interrogatory. The plaintiff argued, among other things, that the case had been referred to arbitration and the documentary evidence was the best evidence. In its opposition, the plaintiff addresses several of these arguments, but primarily asserts that the

removal was inappropriate.[1]

The court agrees that formal discovery is often deferred until the conclusion of arbitration in order to minimize the costs to both litigants. However, here, the information being sought in the interrogatories is necessary to the resolution in arbitration. Moreover, while the documents served on the defendant may be the best evidence, the plaintiff must specify the documents from which each interrogatory answer may be derived. *See* Fed. R. Civ. P. 33 ("[w]here an answer to an interrogatory may be derived or ascertained from the business records of the party from whom the interrogatory has been served . . ., it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived"). Accordingly, the plaintiff shall provide the defendant with an amended response to its interrogatory setting forth the specific documents responsive to each interrogatory question.

Dated: Central Islip, New York
       February 15, 2007

**SO ORDERED:**

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge

---

[1] In fact, the plaintiff has cross-moved to remand the case to Suffolk County District Court in the even the defendant files for trial de novo after arbitration. The cross-motion, which is not ripe and must be made to the District Judge, is not addressed in this order.