UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, NY 11722-4451
(631) 712-5730

BEFORE: ARLENE R. LINDSAY        DATE: February 21 , 2007
United States Magistrate Judge   TIME: 3:00 p.m.

DOCKET NO: 06-cv-3822-FB-ARL

CASE: NY Mutual Fire Insurance Co. a/s/o Sam Moche v. Atraf moving & Storage Corp.

___ INITIAL CONFERENCE
_X_ STATUS CONFERENCE        BY TELEPHONE _X_
___ FINAL CONFERENCE
_X_ ORDER

APPEARANCES:    FOR PLAINTIFF:      FOR DEFENDANT:

Robert Previto     Joseph Neiman

**The following rulings were made:**

Before the court is the plaintiff's February 20, 2007 letter motion seeking to stay the arbitration scheduled for February 22, 2007 and the defendant's opposition to that motion dated February 21, 2007. Plaintiff has replied by letter also dated February 21, 2007. After hearing argument from the parties, the motion is denied and the arbitration shall proceed as scheduled.

By way of background, the plaintiff commenced this subrogation action in Suffolk County District Court seeking to recover damages in the amount of $11,000. The subrogor claims that he sustained damages when the defendant, a moving and storage company, allegedly lost or failed to deliver his property to Florida. The plaintiff is the subrogor's homeowner's insurance carrier. The defendant removed the action to this court contending that the case is a "suit for damages to goods in interstate commerce," and thus, raises a federal question.

On September 20, 2007, the undersigned held an initial conference and referred the case to arbitration. Plaintiff confirmed its interest in arbitrating this case in correspondence to the court dated February 7, 2007, stating that when the court referred this matter to arbitration, plaintiff "made no objection nor any motion to remand, since arbitration, with its looser rules of evidence and swifter resolution is in the best economic interests of both litigants."

Despite plaintiff's position made just about two weeks ago in favor of arbitration, plaintiff now argues that the arbitration should be stayed pending determination by Judge Block of its motion to remand which was filed simultaneously with this stay application. Alternatively, plaintiff argues that the arbitration should be postponed because it has not yet complied with this court's February 15, 2007 order that directed it to provide responses to the defendant's interrogatories. Defendant opposes the stay application and states that it would like to proceed with the arbitration even without the interrogatory responses. Thus, given the defendant's willingness to proceed without the interrogatories the stay application is denied and the parties are directed to proceed with the arbitration.

SO ORDERED:

/s/

_____