UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
NEW YORK CENTRAL MUTUAL FIRE
INSURANCE CO. A/S/O SAM MOSHE,

               Plaintiff,         **MEMORANDUM and ORDER**

-against-                           Case No. 06-CV-3822 (FB) (ARL)

ATRAF MOVING & STORAGE CORP.,

               Defendant.
-------------------------------------------------------x

*Appearances:*

| *For the Plaintiff:* | *For the Defendant:* |
|---|---|
| ROBERT PREVITO, ESQ. | JOESPH H. NEIMAN, ESQ. |
| 258 Brooksite Drive | 39 Hudson Street |
| Hauppauge, NY 11788 | Hackensack, NJ 07601 |

**BLOCK, Senior District Judge:**

      Before the Court are cross-motions for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. After reviewing both parties' submissions, the motions are denied.

      Defendant's motion is denied because plaintiff had nonfrivolous bases for arguing that the contract's limitation of liability for property lost in transportation should not apply, including arguments that defendant: (1) materially breached the contract by delivering Sam Moshe's ("Moshe") belongings two weeks after the agreed-upon delivery date of June 14, 2004, thereby voiding the limitation of liability; and (2) became a bailor of Moshe's property by storing Moshe's belongings in defendant's warehouse; the contract between Moshe and defendant did not limit defendant's liability for property lost in storage. *See K.M.B. Warehouse Distributors, Inc. v. Walker Mfg. Co.*, 61 F.3d 123, 131 (2d Cir.

1

1995) ("Sanctions should only be imposed if it is patently clear that a claim has absolutely no chance of success, and all doubts should be resolved in favor of the signing attorney." (citation and quotation marks omitted)).

Plaintiff's motion is denied because defendant's decision to remove the case to federal court was supported by law. The complaint alleges that defendant breached an interstate transportation agreement governed by 49 U.S.C. § 14706 and sought $11,000 in damages; these allegations established federal jurisdiction. *See* 28 U.S.C. § 1337(a) ("[T]he district courts shall have original jurisdiction of an action brought under . . . 14706 of title 49[] only if the matter in controversy . . . exceeds $10,000.")

## CONCLUSION

For the reasons stated above, the cross-motions for sanctions are denied.

**SO ORDERED.**

s/Hon. Frederic Block

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
December 11, 2007